**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:25-cr-0068** |
| | ) | |
| **SHAKOI MACTAVIOUS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**ORDER**

**BEFORE THE COURT** is the United States' Motion for Determination of Waiver of Attorney Client and Work Product Privileges (ECF No. 66), filed August 28, 2026. For the reasons stated below, the Court will grant the said motion.

**I.**

By Indictment (ECF No. 16), filed November 20, 2025, the United States of America ("Government") charged Defendant, Shakoi Mactavious, with "knowingly and intentionally distribut[ing] a mixture and substance containing a detectable amount of cocaine . . . on November 21, 2024" (Count One) and with "knowingly and intentionally distribut[ing] a mixture and substance containing a detectable amount of cocaine . . . on November 22, 2024 . . . ." (Count Two). After a full trial, the jury convicted Defendant of both counts on December 17, 2025. *See* Jury Verdict (ECF No. 39).

On August 26, 2026, Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 63) was docketed. In his motion, Defendant claims that he had informed his attorney that, if he lost at trial "to file an appeal, but after [he] was sentence[d] [his] attorney said there was nothing to appeal." Mot. at 3. Defendant also claims that he was unable to file a timely appeal "because he could not get in contact with [his] attorney Mr. Jason G. Delgado in time because of technical difficu[l]ties with getting his number on the wall phone in [his] unit [sic]." *Id*.

**II.**

The Government construes Defendant's motion as claiming ineffective assistance of counsel and seeks the Court's determination of whether Defendant has implicitly waived the

attorney-client privilege and the work product privilege and whether Defendant's counsel may respond to two questions and any related clarifying/follow-up questions, specifically:

1. What, if any, communications did you have with the defendant regarding filing a notice of appeal in this matter?
2. Why did you not file a notice of appeal in this matter?

The Court will begin by addressing the question of attorney-client privilege. Although the United States Court of Appeals for the Third Circuit has yet to determine whether an ineffective assistance of counsel claim waives the attorney-client privilege, other federal circuit and district courts have concluded that, given the nature of ineffective assistance claims, such claims waive the attorney-client privilege. *See, e.g., United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) ("Given the ample, unanimous federal authority on point, we hold that when a habeas petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim.") (collecting cases); *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) ("It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer."). Additionally, as noted by Magistrate Judge Ruth Miller in *United States v. Hyacinth*, Case No. 3:11-cr-0009 (D.V.I.), Order (ECF No. 52), entered June 4, 2020, several district courts within the Third Circuit have concluded that ineffective assistance claims waive the attorney-client privilege with respect to communications involving the issues necessarily raised by the defendant's claim. *Id*. at 3 (collecting cases). This Court has adopted and applied the reasoning of our sister courts. *See, e.g., United States v. Tyson*, Case No. 3:19-cr-00009 (D.V.I.), Order (ECF No. 215), entered May 29, 2024.

Moreover, in this case, not only is the purported waiver of the attorney-client privilege supported by the case law, but also the waiver is supported by Defendant himself. *See In re Columbia/HCA Healthcare Corp. Billing Pract. Lit.*, 293 F.3d 289, 294 (6th Cir. 2002) ("[A] client may waive the [attorney-client] privilege by conduct which implies a waiver of the privilege or a consent to disclosure.") (quoting *United States v. Dakota*, 197 F.3d 821, 825

(6th Cir. 1999)). Here, Defendant reveals the content of direct communications with his attorney; he states that he informed his counsel that, if he was convicted, he wanted to appeal and that his attorney told him that "there was nothing to appeal." Mot. at 3. Accordingly, given these allegations, the Court finds that the attorney-client privilege is waived with respect to what the Court construes as an ineffective assistance of counsel claim.

Federal courts similarly have found that an ineffective assistance of counsel claim constitutes an implied waiver of the work product privilege, but such implied waiver is limited in scope to issues necessarily raised by the ineffective assistance claim itself. *See, e.g., Lambright v. Ryan*, 698 F.3d 808, 818 (9th Cir. 2012) (explaining that a claim of ineffective assistance constitutes a narrowly implied waiver of both the attorney-client privilege and the work product privilege); *In re Lott*, 424 F.3d 446, 448 n.1, 452-53 (6th Cir. 2005) (noting ineffective assistance of counsel claims typically implicitly waive both the attorney client privilege and the work product privilege with respect to the issues raised by those claims; *Bittaker*, 331 F.3d at 722 n.6 ("Although our decision is couched in terms of the attorney-client privilege, it applies equally to the work product privilege . . . ."); *Mason v. Mitchell*, 293 F. Supp. 2d 819, 825 (N.D. Ohio 2003) (finding implied waiver to the extent that work product was implicated by the ineffective assistance of counsel claim).

**III.**

Based upon the foregoing, the Court finds that, by asserting a claim of ineffective assistance of counsel, Defendant has implicitly waived the work product privilege to the extent any work product is directly implicated by the claim he raises in his Section 2255 motion. Further, upon review of the Government's proposed questions and Defendant's limited waiver, the Court also finds that the Government's two specific questions are sufficiently tailored to fall within the scope of Defendant's work product waiver.

Accordingly, the premises considered, it is hereby

**ORDERED** that the United States' Motion for Determination of Waiver of Attorney Client and Work Product Privileges, ECF No. 66, is **GRANTED**; it is further

**ORDERED** that Defendant, Shakoi Mactavious, has **WAIVED** the attorney-client privilege and work product privilege, but only to the extent necessary to resolve the specific

issues necessarily raised by Defendant's ineffective assistance of counsel claim. Defendant has not waived the privileges with respect to any writing, document, or communication that is outside the scope of his ineffective assistance of counsel claim; it is further

**ORDERED** that the Government's two enumerated questions fall within the scope of Defendant's limited waiver, and, as such, defense counsel may answer the Government's specific questions to the extent defense counsel is capable of doing so.

**Dated**: September 1, 2026

*/s/ Robert A. Molloy*
**ROBERT A. MOLLOY**
**Chief Judge**