**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 3:25-cr-0068** |
| **SHAKOI MACTAVIOUS,** | ) | |
| **Defendant.** | ) | |

**ORDER**

**THIS MATTER** is before the Court upon Defendant Shakoi Mactavious's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. No. 63), docketed on August 26, 2026, wherein he alleges that his court-appointed counsel failed to file an appeal despite knowing that Defendant desired to do so. The United States of America filed a response to the motion, *see* Dkt. No. 74, urging the Court to grant the motion. This order is issued without the necessity of a reply. LRCi 6.1(b)(4).

Upon inquiry to Defendant's trial counsel, the United States states that:

> former defense counsel indicated that his recollection was that: (1) after the jury trial, former defense counsel explained that there was nothing to appeal; (2) defendant indicated that he wanted to appeal his treatment while in pretrial detention, and former defense counsel indicated that it had nothing to do with his case; (3) defendant did not specifically withdraw his request to appeal, and wanted to discuss further; and (4) former defense counsel and the defendant did not have further communications post-sentencing regarding filing an appeal until after the deadline for filing an appeal had expired.

United States' Response to Defendant's Section 2255 Motion (Response) (Dkt. No. 74) at 1. As cited by the United States, to prevail on his ineffective assistance of counsel claim, Defendant must show that "counsel's representation fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and "affirmatively prove prejudice" as a result of the "deficiencies in counsel's performance . . . ." *Id*. at 692-93.

In light of the Supreme Court's holding that, a "lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable," *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citations

omitted), and Defendant having demonstrated that "but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed," *id*. at 484, the Court finds that Defendant has sufficiently established ineffective assistance of counsel to warrant the granting of his motion.[1]

Accordingly, it is hereby

**ORDERED** that Defendant Shakoi Mactavious' *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, Dkt. No. 63, is **GRANTED**; it is further

**ORDERED** that Defendant Shakoi Mactavious may, within 14 days of date of receipt of this Order, file a Notice of Appeal with the District Court; it is further

**ORDERED** that the Clerk of Court shall serve a copy of this Order to Defendant Mactavious via certified mail and docket the return receipt in the record of this case; and it is finally

**ORDERED** that the Clerk of Court **SHALL** close the companion civil case styled, *Mactavious v. United States of America*, Case No. 3:26-cv-0045.

**Date:** September 24, 2026

*/s/ Robert A. Molloy*
**ROBERT A. MOLLOY**
**Chief Judge**

[1] At a minimum, defense counsel was required to file an *Anders* brief with the Court of Appeals if "counsel is persuaded that the appeal presents no issue of even arguable merit" . . . and may then file a motion to withdraw. *See* 3d Cir. L.A.R. 109.2(a) (citing *Anders v. California*, 386 U.S. 738 (1967)).